■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT BASKERVILLE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 21, 1968, convicting him of robbery in the first degree and other crimes, upon a jury verdict, and imposing sentence. Judgment affirmed. While it is error to permit a witness to testify as to his prior identification of a defendant by means of photographs (*People* v. *Caserta,* 19 N Y 2d 18), and references by the District Attorney and the court to such testimony as well as the admission into evidence of the photographs themselves were improper (see, e.g., *People* v. *Hunnicutt,* 15 A D

2d 536; see, also, *People* v. *Jennings,* 23 A D 2d 621), these errors do not, in our judgment, necessitate a new trial. The evidence of the complaining witnesses as to identification was positive and convincing. They had defendant under observation for periods ranging up to two minutes in a well-lighted store. They were in very close proximity to him and able to observe his face. In addition, both witnesses were able to supply the police with detailed and apparently accurate descriptions of the perpetrator of the robbery. Under such circumstances, the other evidence of identification being strong and clear, the errors should be disregarded (*People* v. *Milburn,* 19 N Y 2d 910; Code Crim. Pro., § 542). As should be evident from the foregoing disposition, we also find that the witness Callan's in-court identification was not tainted by the pretrial police station show-up. Nor do we find any violation of defendant's right to due process in the conduct of the initial photographic identification procedure (see *Simmons* v. *United States,* 390 U. S. 377). We have examined defendant's other specifications of error and find them to be without merit (see, e.g., *People* v. *Roden,* 21 N Y 2d 810). Christ, Acting P. J., Benjamin and Munder, JJ., concur; Rabin and Hopkins, JJ., dissent and vote to reverse the judgment and grant a new trial, with the following memorandum: The pretrial identification of defendant by the witnesses at the trial occurred after the effective date of the decisions in *United States* v. *Wade* (388 U. S. 218) and *Stovall* v. *Denno* (388 U. S. 293). Because counsel for defendant was not present at the critical stage of the confrontation for the purpose of identification, the evidence of the identification was tainted and inadmissible. Whether the error was of such constitutional dimension that a new trial is mandatory (*Chapman* v. *California,* 386 U. S. 18, 23) is unnecessary to decide. We are of the opinion that even under the more rigorous test of harmlessness beyond a reasonable doubt (*id.,* p. 24) the conviction is vulnerable, for we cannot say that the evidence did not contribute to the verdict. Moreover, we are of the opinion that the testimony of the witness Callan as to the identification of defendant by photographs was erroneously received (*People* v. *Cioffi,* 1 N Y 2d 70; *People* v. *Hagedorny,* 272 App. Div. 830). This error, coupled with the infraction of defendant's rights at the confrontation, requires a new trial.